# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RONALD MURRAY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 06-00637-CV-W-FJG |
| ) | Crim. No. 04-00244-33-CR-W-FJG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Pending before the Court is movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1). Movant claims he was denied effective assistance of counsel because his attorney failed to request credit for time he served in detention (September 9, 2004 to January 6, 2006) toward his 60-month sentence. Movant argues that had counsel made this request, his sentence would have been shortened by nearly 16 months. Movant claims that counsel's failure to request credit constitutes ineffective assistance of counsel.

Respondent argues movant cannot receive credit for time served in detention under 18 U.S.C. § 3585(b) because: (1) movant's pretrial detention was not the result of his latest offense, but rather of two previous federal crimes, and (2) movant received credit for time served in detention toward his two previous federal sentences. Thus, respondent argues § 3585(b) bars Murray from receiving credit for time served in detention toward his most recent criminal case. Respondent contends that counsel's failure to request credit for time served does not constitute ineffective assistance of counsel because the request

is contrary to law. Finally, respondent asserts that the Bureau of Prisons, not the district court, determines whether a defendant receives pre-sentence jail time credit.

For the reasons stated below, the Court will **DENY** movant's motion to vacate, correct, or set aside his sentence.

## I.  LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919 (1993)).

## II.  DISCUSSION

This Court does not have the authority to compute an inmate's credits under 18 U.S.C. § 3585(b). Rather "[a]fter a district court sentences a federal offender, the Attorney General, through BOP [Bureau of Prisons], has the responsibility for administering the sentence." See United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593, 600-01 (1992). Under 18 U.S.C. § 3621, "[a] person

who has been sentenced to a term of imprisonment...shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed." Thus, this Court has no authority to grant or deny credit to the movant.

Even if this Court had authority to grant or deny credit, movant's ineffective assistance of counsel claim fails as a matter of law. To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065-66. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. Further, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

The Court has reviewed respondent's response in opposition to movant's § 2255 motion (Doc. # 5) and movant's reply (Doc. # 10). The Court agrees with respondent that movant cannot satisfy an ineffective assistance of counsel claim. None of the prongs have been satisfied. First, movant failed to demonstrate that counsel's failure to request credit for time served fell below an objective standard of reasonableness. Under § 3585(b), a defendant can only receive credit for prior custody if the time spent in detention is: (1) as a result of the offense for which the sentence was imposed, or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been**

3

**credited against another sentence**. The record clearly reflects that movant was serving time in detention for two sentences for his supervised release violations. Thus, movant's time in detention was not the result of his most recent offense. Further, the Bureau of Prisons credited movant for time he served in detention on his two other sentences. It then follows that the plain language of § 3585(b) bars movant from receiving additional credit. Therefore, movant's counsel cannot be found ineffective for failing to make a request contrary to law.

Under the second prong of the Strickland test, even if an error by counsel is unreasonable, the judgment should not be set aside unless it would have changed the outcome of the trial. Strickland, 466 U.S. at 691-92, 104 S.Ct. at 2066-67. The Court finds that even if movant's counsel had requested credit for time served, the outcome would have remained the same. Therefore, movant fails on his claim of ineffective assistance of counsel.

### III. CONCLUSION

Upon careful review and consideration, the Court finds that the record in this case conclusively demonstrates that movant is entitled to no relief. Accordingly, it is hereby **ORDERED** that movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) is **DENIED.**

                                        **/s/ FERNANDO J. GAITAN, JR.**
                                        Fernando J. Gaitan, Jr.
                                        United States District Judge

Dated: 2/13/07
Kansas City, Missouri